Shacjcb:, J.
The claim of the plaintiffs is that the defendants are liable in this action under the provisions of section 3261 of the Revised Statutes : “The trustees of a corporation created for a purpose other' than profit, shall be personalty liable for all debts of the corporation by them contracted. ”
The view of the trial court, as indicated by the instructions given and by its refusals to instruct as requested, was that although the articles of incorporation of the chamber of commerce declared that it was “formed not for profit,” that declaration is not entitled to controlling effect, because of the provision for capital stock and because •of the declaration in the articles that the corporation was formed for the purposes of doing such things as would ‘ ‘ enhance the interests of the city and promote the convenience and welfare of all business men trading therein.”
Bjr the provisions of section 3S32, corporations of this character are authorized to acquire such real estate as may be for their interest, which would require, capital, and certificates' of stock would be convenient evidence of the interests of the several members therein. That the existence of capital stock does not conclusively indicate that the corporation is for profit is made *11 clear by the provisions of section 3262: “A corporation for profit, after its original capital stock is fully paid up, or a corporation not for profit, having- a capital stock, may increase its capital stock or the number of shares into which its capital stock is divided.” This provision of the statute makes it clear that the proposition of law contained in the third request is sound.
Nor was the view of the trial court justified by the fact that the corporation was intended to promote the growth and prosperity of the city, and-thus to confer incidental benefit upon its members and officers in common with others owning property in the city or doing business therein. The corporation, though authorized to own or lease real estate for its general purposes, was not authorized to deal therein, nor could it transact any business out of which profits payable as dividends could be realized. The ownership of stock was not necessary to membership in the corporation, nor to officjal participation in its management. Since those who, as directors or trustees, incur the debts that may be incident to the management of a corporation of this character do not necessarily bear the liability which the statute imposes upon stockholders, they are within the provisions of section 3261 of the statutes. Corporations for profit within the meaning of the statute are those which are formed for the prosecution of business enterprises with a view to realizing gains to be distributed as dividends among the shareholders in proportion to their contributions to the capital stock.
For error in the instructions given and in refusing to instruct as requested, the judgments of the circuit court and court of common pleas are reversed.
Bürket, J., having- been of counsel, did not sit.